IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SOJITZ CORPORATION, )
 )
      Plaintiff, )
 )
  v. ) 2:12mc471
 ) **Electronic Filing**
**PRITHVI INFORMATION** )
**SOLUTIONS LIMITED** )
 )
      Defendant. )
 )
  and )
 )
**PNC BANK, FIFTH THIRD BANK**, and )
**PRITHVI INFORMATION** )
**SOLUTIONS INTERNATIONAL LLC** )
 )
      Garnishee. )

## MEMORANDUM OPINION

October 9, 2015

**I.**    **INTRODUCTION**

    Plaintiff, Sojitz Corporation ("Sojitz"), has filed a Motion for Summary Judgment against Garnishee, PNC Bank ("PNC"), seeking funds belonging to Prithvi Information Solutions Limited ("Prithvi") that were in, or came into, PNC's possession after PNC was served with a Writ of Execution. PNC has responded and the matter is now before the Court.

**II.**    **STATEMENT OF THE CASE**

    On December 18, 2012, the Clerk of Court entered judgment in the amount of $33,777,000.00 in favor of Sojitz and against Prithvi. *See* Sojitz Concise Statement of Material Facts ("Sojitz CSMF") ¶ 1; ECF No. 2. The Judgment represents amounts due under an agreement to satisfy a foreign arbitral award subject to summary enforcement under the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards and

Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 *et seq*. Sojitz Complaint ¶ 3.  By Confession of Judgment contained in Clause 8(b) of the Reinstatement and Amendment Agreement with Respect to the Settlement Agreement Dated 29 August 2011, Prithvi authorized the entry of judgment by confession in the event of failure to make any payment that remained due under the Agreement on that payment's due date. Sojitz Complaint ¶ 6 & Exhibit A.

On February 5, 2013, Sojitz served a Writ of Execution (the "Writ") and Interrogatories to Garnishee to PNC seeking information regarding any bank accounts or other property belonging to Prithvi that was being held by PNC.  Sojitz CSMF ¶ 2.  PNC claims that the Writ was not received in its garnishment processing area until February 12, 2012[1].  After reviewing the garnishment paperwork on February 12, 2013, Tracy DeFeo ("Defeo"), an employee in PNC's garnishment unit, made a search of bank records for "Prithvi Information **Services** Limited" and found no accounts under that name.[2]  *See* PNC Ex. A, Affidavit of Tracy Defeo ("DeFeo Aff.") ¶ 4.  DeFeo then contacted Andrew Behrman, Esq. ("Behrman"), Sojitz' counsel, to request additional information to help identify the judgment debtor, but he was unable to provide DeFeo with any further identifying information or "alternate names for [the] judgment debtor." DeFeo Aff.  ¶¶ 4, 6 & 9.

---

[1]   PNC, however, neither indicates the location of its garnishment processing area nor explains why it took seven (7) days for the Writ to be transferred to garnishment processing area.

[2]   DeFeo was either negligent in reviewing the garnishment papers and making her search, or she was negligent in reviewing her affidavit, as this is the only time the entity "Prithvi Information Services Limited" is mentioned.

DeFeo's search did in fact show three (3) accounts held by Prithvi Information Solutions Ltd., 1910 Cochran Road, Ste. 441, Pittsburgh PA 15220[3]. *See* Sojitz Reply, Declaration of Stephen A. Loney, Esq. ("Loney Declar."), Exhibit A.

In response to the interrogatories, PNC filed an Answer and New Matter on March 27, 2013. Sojitz CSMF ¶ 3. In response to Interrogatory No. 1, PNC stated that it had two (2) accounts under restraint: one with a balance of $304.53; and one with a balance of $517.94. *See* Sojitz CSMF Appendix Ex. B, PNC's Answer ¶ 2. PNC, however, did not indicate when these accounts were placed under restraint. Though it admitted the accounts were under restraint, PNC contends that such accounts were "held in the name of an entity similar to the name of the judgment debtor [but] . . . the account[s] [were] **not** [the accounts] of the judgment debtor." Sojitz CSMF Appendix Ex. B, PNC's New Matter ¶ 4. (Emphasis added).

In Prithvi's Answers and Objections to Interrogatories in Aid of Execution ("Prithvi's Answers to Interrogatories") dated February 25, 2013, Prithvi identified a bank account ending in x559 (the "559 Account) as one of its accounts held at PNC.[4] Sojitz CSMF ¶ 6. PNC contends that it was not until March 1, 2013, when it was provided copies of Prithvi's Answers to Interrogatories, that it had any information that identified the 559 Account as being held by the judgment debtor. DeFeo Aff. ¶ 11. PNC placed a restraint on the 559 Account upon receipt of the identifying information. DeFeo Aff. ¶ 12. The 559 Account was not one of the accounts identified in Defeo's search on February 12, 2013, as held by Prithvi Information Solutions Ltd., 1910 Cochran Road, Ste. 441, Pittsburgh PA 15220.

---

[3] This is the same address identified as a place of business of Prithvi Information Solutions Limited by Sojitz in its Complaint for Confession of Judgment. *See* Complaint ¶ 2.

[4] The 559 Account was the account identified by PNC in Interrogatory No.1 as the one with a balance of $517. 94. Sojitz CSMF Appendix Ex. B, PNC's New Matter ¶ 5.

PNC admits that on or about February 12, 2013, $549,975.00 was transferred into the 559 Account, which previously had a balance of $6,598.94. Sojitz CSMF ¶ 7; Sojitz CSMF Appendix Ex. B, PNC's New Matter ¶¶ 7 & 8. Later that day, PNC executed an order by Prithvi to transfer $556,000.00 out of the 559 Account. As of February 12, 2013, PNC had not placed any holds on the 559 Account because the 559 Account was titled in the name of "Prithvi Information Systems, Ltd." and not that of the judgment debtor identified in the Writ as "Prithvi Information Solutions Limited." *See* PNC Response to Sojitz CSMF ¶ 9.

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. To support denial of summary judgment, an issue of fact in dispute must be both genuine and material, *i.e.*, one upon which a reasonable fact finder could base a verdict for the non-moving party and one which is essential to establishing the claim. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Id*. The court's consideration of the facts must be in the light most favorable to the party opposing summary judgment and all reasonable inferences from the facts must be drawn in favor of that party as well. *Whiteland Woods, L.P. v. Township of West Whiteland,* 193 F.3d 177, 180 (3d Cir. 1999), *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P 56(e). Further, the nonmoving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994)).

Judgment cannot be entered against the garnishee on the basis of it answers to interrogatories unless they contain, by express or necessary implication, a clear and unequivocal admission of indebtedness to the defendant. *See Adams Apple Products Corp. v. Monmouth Products Co.*, 85 F. Supp. 797, 799 (E.D. Pa. 1949)(Citations omitted). As set forth below, there is an unequivocal admission by PNC of indebtedness to the defendant debtor. Although PNC denies being indebted to "Prithvi Information Solutions Limited," it expressly admits that it had on deposit funds belonging to "Prithvi Information Solutions Ltd.," and that PNC claims no set-offs or counter-demands against the funds.

### IV. DISCUSSION

Rule 3111 of the Pennsylvania Rules of Civil Procedure provides in relevant part:

> Service of the writ upon the garnishee shall attach all property of the defendant . . . which is in the possession of the garnishee . . . including all property of the defendant . . . which comes into the garnishee's possession [after service of the writ]. . . Service of the writ upon the garnishee shall also subject the garnishee to the mandate and injunctive orders of the writ restraining the garnishee from paying any debt to or for the account of the defendant and from delivering any property of the defendant . . . to anyone except the sheriff . . .

PA. R. CIV. P. 3111(b) & (d). The Pennsylvania Supreme Court, upon consideration of the public policy underlying Pennsylvania garnishment law, specifically held that:

> the public policy of Pennsylvania prohibits a garnishee bank with notice of a judgment order from engaging in transactions with the judgment debtor that it knows or should know will facilitate the judgment debtor in attempts to avoid the lawful garnishment of its assets.

*Witco Corp. v. Herzog Bros. Trucking, Inc.*, 863 A.2d 443, 451 (Pa. 2004). The Court has further held that a "garnishee . . . is a party to the litigation and, as such, is required to exercise a high degree of care in protecting the rights of the other parties until a legal result has been regularly reached." *Shipman v. Seiwell*, 101 Pa. Super. 95, 100 (1931).

PNC contends that it had no duty to attach funds in the accounts of the judgment debtor because Sojitz failed to properly identify the judgment debtor in the Writ of Execution. The Writ and the Interrogatories in attachment identify the judgment debtor as "Prithvi Information Solutions **Limited**." The accounts at issue in this instance were titled in the name "Prithvi Information Solutions **Ltd.**"

Under Pennsylvania law, "when the defendant is not known to the garnishee by the name used in the writ of attachment, payment by the garnishee in ignorance of the defendant's identity will relieve the garnishee from liability unless he has notice of facts which put him on inquiry as to the defendant's identity." *Adams Apple Products Corp. v. Monmouth Products Co.*, 85 F. Supp. 797, 798-799 (E.D. Pa. 1949)(citing *Greco et ux. v. Rainal et al.*, 134 Pa. Super. 99, 103 (Pa. Super. 1938); *Shipman v. Seiwell*, 101 Pa. Super. at 100). The Court finds facts sufficient to

put PNC on inquiry of the debtor's identity and that PNC fell woefully short of the required "high degree of care in protecting the rights" of Sojitz in this matter.

PNC was served with the Writ and Interrogatories in attachment on February 5, 2013, but made no effort to search its records for accounts held by the judgment debtor until February 12, 2013. Then, inexplicably, it ignored the fact that that the name of the judgment debtor and the name of holder of the PNC accounts differed only by the account holder's use of the abbreviation, "Ltd." for "Limited". In *Adams Apple Products Corp.,* the court held that a writ in the name of "Monmouth Products Co." was sufficient to bind the account of "Monmouth Products Co., Inc." held by the garnishee, stating:

> The names Monmouth Products Co. and Monmouth Products Co., Inc. are so similar that even the most unreasonable person should have been put on inquiry notice by just looking at the names. Moreover, it is common knowledge that the words 'company' and 'incorporated are often abbreviated to 'Co.' and 'Inc.'; and when both words are included in a corporate name, they may be abbreviated or the 'Inc.' omitted in business transactions.

*Adams Apple Products Corp. v. Monmouth Products Co.*, 85 F. Supp. at 799.

In this instance, PNC's failure to include "Prithvi Information Solutions Ltd." in its search for accounts of the judgment debtor was unreasonable in light of the degree of care it was required to provide to protect Sojitz' rights. Moreover, the information that would have confirmed to PNC that "Prithvi Information Solutions Limited" and "Prithvi Information Solutions Ltd." were the same entity was contained it its own records.

The Account Registration and Agreement (the "Registration") for the 559 Account was effective on November 1, 2010, and was scanned into PNC records on December 8, 2010. *See* PNC Ex. H, Affidavit of Rayna Walker Ex. A. The Registration identified Prithvi Information Solutions Ltd. at 1910 Cochran Road, Ste. 441, Pittsburgh PA 15220, the same address as the three (3) accounts identified in Defeo's search on February 12, 2013, as the owner of the 559

Account. *Id.* With a modicum of effort, PNC could have obtained a copy of the Complaint in Confession of Judgment and ascertained that the entity holding the identified accounts was the same entity named in Paragraph 2 of the Complaint. Such identification could have been determined and the 559 Account restrained well before PNC executed the order by Prithvi to transfer $556,000.00 out of the 559 Account on February 12, 2013.

PNC also argues that Sojitz failed to properly serve the Confession of Judgment on Prithvi rendering the Writ served on PNC defective, and that it acted within a reasonable time in effecting the requirements of Writ. Further, PNC contends that reasonableness is a question of fact that must be determined by a factfinder.

Citing to 13 PA. CONS. STAT. ANN. § 4303 and 13 PA. CONS. STAT. ANN. § 4A502, PNC argues that it has no liability in this instance because "a bank may charge an account with a check or wire transfer, even if legal process such as a garnishment has been received, but the bank acted in such a way as to bind its actions before a reasonable period of time after the garnishment process has commenced." *See* PNC Brief, pp. 10-11. Section 4303, in relevant part, provides:

> Any knowledge, notice or stop-payment order received by, legal process served upon . . . a payor bank comes too late to terminate, suspend or modify the right or duty of the bank to pay an item or to charge the account of its customer for the item if the . . . legal process is received or served and **a reasonable time** for the bank to act thereon expires . . . after the earliest of the following: (3) The bank settles for the item without having a right to revoke the settlement under statute, clearinghouse rule or agreement.

13 PA. CONS. STAT. ANN. § 4303 (a) (Emphasis added). Further § 4A502(b), provides:

> (b) Creditor process served on receiving bank. --This subsection applies to creditor process with respect to an authorized account of the sender of a payment order if the creditor process is served on the receiving bank. For the purpose of determining rights with respect to the creditor process, if the receiving bank accepts the payment order, the balance in the authorized account is deemed to be reduced by the amount of the payment order to the extent the bank did not otherwise receive payment of the order, **unless the creditor process is served at**

8

**a time and in a manner affording the bank a reasonable opportunity to act on it before the bank accepts the payment order.**

13 PA. CONS. STAT. ANN. § 4A502(b)(Emphasis added)[5].

In a case factually similar to this action, the garnishee, PayPal, was served with a writ of garnishment by certified mail on April 18, 2011. *Korman Commer. Props. v. Furniture.com, LLC*, 81 A.3d 97, 98 (Pa. Super. 2013). At the time the writ was received, the judgment debtor had $116,404.17 in the garnished account with PayPal. *Id.* The writ was internally routed to the legal department where it was opened and reviewed, and then forwarded to PayPal's Operations Center in Nebraska. *Id.* However, on April 20, 2011, the judgment debtor was permitted to make two withdrawals from the garnished account in the amounts of $60,000 and $56,404.17. *Id.* The writ was received at PayPal's Operations Center on or about April 26, 2011, and the account was placed on a limitation in compliance with the writ. *Id.* At the time the limitation was placed on the account, however, the account had a balance of zero dollars. *Id.* In an action by the creditor against PayPal, summary judgment was entered against PayPal.

PayPal made arguments similar to those made here by PNC. PayPal argued that: (1) improper service, service by certified mail, affected its ability to prevent the withdrawal of the $116,404.77; and (2) it acted within a reasonable period of time given the improper service[6]. *Id.* at 99. With regard to service, the court stated:

> Service imposes upon the garnishee an injunction against paying any debts of the defendant or delivering any attached property to the defendant. Pa.R.C.P. 3111(c). If a garnishee claims improper service, the claim must be raised in preliminary

---

[5] PNC directs this Court to no cases in which these statutes were applied in circumstances similar to those in the instant action.

[6] PayPal also argued that the trial court erred in granting summary judgment as it acted reasonably pursuant to 13 PA. CONS. STAT. ANN. § 4A502. The Superior Court ruled that PayPal had waived such argument. *Korman Commer. Props. v. Furniture.com, LLC*, 81 A.3d at 102.

9

objections filed before the garnishee enters an appearance or files answers to interrogatories. Pa.R.C.P. 3142(c). Failure to raise preliminary objections waives a challenge to improper service and "validate[s] [the] otherwise defective form of service." *Cox v. Hott*, 246 Pa. Super. 445, 371 A.2d 921, 923 (Pa. Super. 1977).

*Id.* at 100. Notwithstanding such waiver, the Superior Court has held that, even if service is at issue, a garnishee should act in accordance with the writ. *Royal Bank of Pa. v. Selig*, 644 A.2d 741, 744 (Pa. Super. 1994).

Here PNC does not assert defective service of the Writ, it argues that the alleged improper service of the judgment on Prithvi alleviates its duty to comply with the Writ. Such argument has no merit. PNC has no standing to assert defective service of the judgment on Prithvi as defense in an action on the Writ. Moreover, Prithvi made no objection to the service of the judgment. Further, PNC failed to raise any objections to service before it answered the interrogatories and filed New Matter, therefore, any objection to service is waived.

PNC also argues that it acted within a reasonable amount of time in acting on the Writ and restraining Prithvi's accounts. It is undisputed that PNC was served with the Writ and Interrogatories in attachment on February 5, 2013. PNC was then subject to the injunctive effects of the Writ and was "required to exercise a high degree of care in protecting the rights" of Sojitz and Prithvi. *Shipman v. Seiwell*, 101 Pa. Super. at 100. In addition, PNC was prohibited from engaging in transactions with Prithvi that it knew, or should have known, would aide an attempt by Prithvi to avoid the lawful garnishment of its assets. *See Witco Corp. v. Herzog Bros. Trucking, Inc.*, 863 A.2d at 451. Although it was on notice, PNC delayed seven (7) days before it made an attempt to search for any accounts subject to the Writ. PNC made no attempt to explain the seven (7) day delay. It was not until Prithvi admitted ownership of the 559 account,

that PNC put a restraint on the account in March of 2013, nearly one month after it was served with the Writ[7].

In light of the high degree of care PNC was required to exercise, the Court finds that the delays, especially the seven (7) day delay in searching for accounts of the debtor, were not reasonable under either 13 PA. CONS. STAT. ANN. § 4303 or 13 PA. CONS. STAT. ANN. § 4A502, and no reasonable fact finder could find in favor of PNC based upon these statutes.

V.    CONCLUSION

Based on the foregoing, Sojitz' motion for summary judgment shall be granted. An appropriate Order follows.

s/ David Stewart Cercone<br>
David Stewart Cercone<br>
United States District Judge

cc:    David Newmann, Esquire
      Stephen A. Loney, Esquire
      Oliver J. Armas, Esquire
      Mark D. Kimball, Esquire
      Gary P. Hunt, Esquire

(*Via CM/ECF Electronic Mail*)

---

[7] Even after Prithvi admitted ownership of the 529 account, PNC argued that the accounts were "held in the name of an entity similar to the name of the judgment debtor [but] . . . the account[s] [were] not [the accounts] of the judgment debtor."